1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH JEROME WRIGHT,                    No.  1:23-cv-01586 GSA (PC)

12              Plaintiff,                   ORDER DIRECTING PLAINTIFF TO SHOW
                                            CAUSE WHY HIS IN FORMA PAUPERIS
13         v.                               STATUS SHOULD NOT BE REVOKED IN
                                            LIGHT OF 28 U.S.C. 1915(g)
14   RODRIGUEZ, et al.,
                                            (See ECF No. 7)
15              Defendants.
                                            PLAINTIFF'S SHOWING OF CAUSE DUE
16                                          **SEPTEMBER 24, 2024**

17

18   KEITH JEROME WRIGHT,                    No.  1:24-cv-01029 GSA (PC)

19              Plaintiff,                   ORDER DIRECTING PLAINTIFF TO SHOW
                                            CAUSE WHY HIS APPLICATION TO
20         v.                               PROCEED IN FORMA PAUPERIS STATUS
                                            SHOULD NOT BE DENIED IN LIGHT OF 28
21   ZALDIVAR-GALVES,                       U.S.C. 1915(g)

22              Defendant.                   (See ECF No. 2)

23                                          PLAINTIFF'S SHOWING OF CAUSE DUE
                                            **SEPTEMBER 24, 2024**
24

25         Plaintiff, a state prisoner proceeding pro se, has filed civil rights actions in the above-

26   referenced matters seeking relief under 42 U.S.C. § 1983.  The cases were referred to a United

27   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

28

                                            1

For the reasons stated below, Plaintiff will be ordered to show cause why: (1) his in forma pauperis status in Wright v. Rodriguez, No. 1:23-cv-01586 GSA ("Wright I") (see Wright I, ECF No. 7) should not be revoked, and (2) his application to proceed in forma pauperis in Wright v. Zaldivar-Galves, No. 1:24-cv-01029 GSA ("Wright II") (see Wright II, ECF No. 2) should not be denied in light of 28 U.S.C. § 1915(g).

## I.   RELEVANT FACTS

On November 9, 2023, Plaintiff's complaint in Wright I and his application to proceed in forma pauperis were docketed.  Wright I, ECF Nos. 1, 2.  Shortly thereafter, Plaintiff's application to proceed in forma pauperis was granted.  Wright I, ECF No. 7.

On August 29, 2024, Plaintiff's complaint in Wright II was docketed along with an application to proceed in forma pauperis.  Wright II, ECF Nos. 1, 2.  Plaintiff's in forma pauperis application is still pending before this Court.

## II.   APPLICABLE LAW

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## III.   DISCUSSION

### A.  Plaintiff  Appears to be a Three Strikes Litigant Within the Meaning of Section 1915(g)

The Court takes judicial notice[1] of the following cases of Plaintiff's that were fully

---

[1]  A court may take judicial notice of its own records.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); see United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997).

1

2   adjudicated at the time he filed <u>Wright I</u> and <u>Wright II</u>.  These matters appear to constitute strikes

3   within the meaning of Section 1915(g):

4      • <u>Wright v. Sacramento Police Department</u>, No. 2:13-cv-02125 EFB (E.D. Cal. Aug 8,

5       2014) (dismissed for failure to amend after determination that matter failed to state a

6       claim);[2]

7      • <u>Wright v. Bank of America</u>, 2:16-cv-01858 MCE CKD (E.D. Cal. Jan 31, 2017)

8       (dismissal for failure to amend after determination that matter failed to state a claim),

9       and

10      • <u>Wright v. Sherman</u>, No. 1:21-cv-01111 DAD SAB (E.D. Cal. Feb. 22, 2022)

11       (voluntary dismissal after determination that complaint failed to state a claim);[3]

12      B.  <u>Plaintiff Was Not in Imminent Danger When He Filed Wright I and Wright II</u>

13      In addition, a review of <u>Wright I</u> and <u>Wright II</u> indicates that Plaintiff did not make

14   plausible claims in those complaints that he was in imminent danger of serious physical harm at

15   the time he filed each of these matters.  <u>See Wright I</u>, ECF No. 1 (complaint); <u>Wright II</u>, ECF No.

16   1 (complaint).  For these reasons, Plaintiff is precluded from proceeding in forma pauperis in

17   either action and must pay the filing fees for these cases in full before he may proceed any further

18   in them.  However, prior to being ordered to do so, he will be allowed to show cause:  (1) why his

19   in forma pauperis status in <u>Wright I</u> should not be revoked, and (2) why his application to proceed

20   in forma pauperis in <u>Wright II</u> should not be denied.  He will be given twenty-one days to file the

21

22   [2]  The dismissal of a complaint after (1) a court has determined that it fails to state a claim, and (2) a plaintiff is granted leave to amend, yet he fails to do so, constitutes a strike under Section 1915(g).  <u>See</u> <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir. 2017).

23   [3]  A voluntary dismissal after it has been determined that a complaint fails to state a claim still

24   constitutes a strike within the meaning of 28 U.S.C. § 1915(g).  <u>See</u> <u>Harris v. Mangum</u>, 863 F.3d 1133 (9th Cir. 2017) (style of dismissal immaterial when determining if dismissal counts as

25   strike; question is whether dismissal "rang the [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim"); <u>Sumner v. Tucker</u>, 9 F. Supp. 2d 641, 643-44 (E.D. Va.

26   1998) (voluntary dismissal does not relieve plaintiff of consequences of filing frivolous action under Section 1915(g)); <u>Heilman v. Deillen</u>, No. 14-cv-6298 JVS FFM, 2017 WL 10591881, at

27   *4-5 (C.D. Cal. Sept. 18, 2017) ("[I]t would frustrate the purposes of § 1915(g) if plaintiff avoided a strike merely because he, rather than the court, instigated the dismissal of an action that

28   he acknowledged was non-viable.").

1    showings of cause.

2        Accordingly, consistent with 28 U.S.C. § 1915(g), IT IS HEREBY ORDERED that:

3        1.   Plaintiff is ordered to SHOW CAUSE in Wright v. Rodriguez, No. 1:23-cv-01586

4    GSA why his in forma pauperis status should not be REVOKED.  See Wright I, ECF No. 7.

5        2.   Plaintiff is ordered to SHOW CAUSE in Wright v. Zaldivar-Galvez, No. 1:24-cv-

6    01029 GSA why his application to proceed in forma pauperis should not be DENIED.  See

7    Wright II, ECF No. 2, and

8        3.   Plaintiff's showings of cause in *both* cases shall be filed *simultaneously*, and they may

9    be identical in content, and

10       4.   Both showings of cause shall be filed within twenty-one days from the date of this

11   order – **i.e., by September 24, 2024**.

12       **Plaintiff is cautioned that failure to comply with this order within the time allotted**

13   **may result in a recommendation that this matter be dismissed.**

14

15

16   IT IS SO ORDERED.

17   Dated:   **September 2, 2024**                            **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28