1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   KEITH JEROME WRIGHT,                      No. 1:24-cv-01029 JLT GSA (PC)
12              Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTION
                                               FOR THE APPOINTMENT OF COUNSEL
13        v.
                                               (ECF No. 20)
14   IDALBERTO ZALDIVAR-GALVEZ,
15              Defendant.
16

17        Plaintiff has requested the appointment of counsel. ECF No. 20. In support of the

18   motion, Plaintiff states in part that his case is a complex medical matter which currently presents

19   imminent danger to his health. Id.[1] He also states that he is indigent; that he is uneducated, and

20   that his search for a pro bono attorney to represent him has been unsuccessful. Id.

21        District courts lack authority to require counsel to represent indigent prisoners in section

22   1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional

23   circumstances, a court may request an attorney to voluntarily represent such a plaintiff. See 28

24   U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

25   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional

26   circumstances" exist, a court must consider a plaintiff's likelihood of success on the merits as

---

[1] Specifically, Plaintiff states that he has an untreated, Grade III clavicle tear that occurred in March 2024. He states that to date, he still does not have a surgery date for it. ECF No. 20.

1

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

    This motion must be denied. This is because to date, Plaintiff has been able to prosecute his case in a satisfactory manner. Specifically, he has filed a complaint that was adequate enough to be served (see ECF Nos. 1, 13) (complaint, screening order). Furthermore, the fact that his complaint made it past the screening stage indicates that the claims in his case may have merit. For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: **January 23, 2025**                    **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE