UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT, | No. 1:24-cv-01029 JLT GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| IDALBERTO ZALDIVAR-GALVES, | (ECF No. 31) |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for the appointment of counsel. ECF No. 31. This is Plaintiff's second time making the request. See ECF No. 20. For the reasons stated below, the motion will be denied.

I.  MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, he states, in part, that he his family has contacted five attorneys but none have responded ; that the issues in this case are complex; that several witnesses will need to be located in interviewed; and, the prison where he is incarcerated does not follow guidelines regarding mail. See ECF No. 31 at 2-3. Plaintiff also states that he has been denied requests for copies of some of his medical imaging. Id. at 3.

1

## II. APPLICABLE LAW

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

## III. DISCUSSION

Plaintiff's motion must be denied. The fact that Plaintiff's complaint has viable claims and that it has been served indicates that Plaintiff may have success with it on its merits. In addition, to date, Plaintiff has been able to litigate this case in a satisfactory manner despite any complexity, and despite issues related to prosecuting his case. For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time, and the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 31) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 7, 2025**              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE