UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>IDALBERTO ZALDIVAR-GALVES,<br><br>    Defendant. | No. 1:24-cv-01029 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR SUBPOENA FORMS & FOR SUBPOENA<br><br>(ECF Nos. 37, 42)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 39) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's request for subpoena forms and his request for subpoena (ECF Nos. 37, 42), and his motion for the appointment of counsel (ECF No. 39).[1] For the reasons stated below, all three motions will be denied.

I.    <u>REQUESTS FOR SUBPOENA FORMS & SUBPOENA</u>

---

[1] Plaintiff has also filed two motions in limine in preparation for trial. See ECF Nos. 40, 41. The Court notes that they have been filed prematurely as it has yet to be determined whether this case will proceed past the dispositive motion phase of the proceedings. In addition, because motions in limine are typically addressed by the District Judge who presides over the trial, should there be one, the Undersigned does not address these two motions herein.

1

### A. Plaintiff's Two Requests

Plaintiff has filed two requests, one for subpoena forms and the other to grant his request to subpoena two medical staffers. See ECF Nos. 37, 42 respectively. In support of his first request, docketed on September 5, 2025, Plaintiff states that his pretrial motions are due by October 16, 2025. See ECF No. 37. As a result, he asks for the forms as well as "a list of standard pre-trial motions" and "any information that may assist me" He also requests a "secondary fee waiver for subpoenas." Id.

In Plaintiff's second request, docketed September 22, 2025, he asks the Court to permit him to subpoena two medical staffers who are currently employed by the California Substance Abuse Treatment Facility. ECF No. 42 at 1. Plaintiff contends that both individuals are aware of his injuries, and they are willing to be subpoenaed for trial. Id.

### B. Discussion

Both Plaintiff's requests, as well as the request in the first motion which asks the Court to waive his subpoena fees, must be denied as prematurely filed. Moreover, the due date for dispositive / pretrial motions, which is October 16, 2025 (see ECF No. 34 at 3) has not yet arrived, nor has this case been set for trial. Therefore, to provide Plaintiff' with subpoena forms or, permit him to subpoena witnesses at this point would be premature.

Plaintiff is also advised that typically the Court does not waive subpoena fees for prisoners who are proceeding in forma pauperis with their case. For these reasons, both motions will be denied.

## II. MOTION FOR THE APPOINTMENT OF COUNSEL

### A. Plaintiff's Motion

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states, in part, that he cannot afford counsel; that this case is complex involving medical legal issues; that he is financially poor. ECF No. 39 at 1,2. Plaintiff also argues that the appointment of counsel would save the Court time and resources with at least the appointment of co-counsel; that the complex issues in this case will require nurses, primary care provider-practitioner and orthopedic surgeon testimony; and that the law library is only open two days a week hindering research and copying

2

material.  Id.

B. Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

C. Discussion

Plaintiff's motion for the appointment of counsel must be denied.  Plaintiff has successfully litigated this matter up to the dispositive motion phase.  This fact establishes that Plaintiff may have success with his case on its merits.  It also shows that Plaintiff has the ability to articulate his claims on his own despite the complexity of the legal issues that are involved in it.

For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Therefore, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's two requests regarding subpoenas (ECF Nos. 37, 42) are DENIED as having been PREMATURELY FILED, and

 &   2. Plaintiff's motion for the appointment of counsel (ECF No. 39) is denied without prejudice.

3

IT IS SO ORDERED.

Dated:  **September 24, 2025**                     **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE