UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JEROME WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>IDALBERTO ZALDIVAR-GALVES,<br><br>Defendant. | Case No. 1:24-cv-01029-JLT-EPG (PC)<br><br>ORDER REQUIRING SUPPLEMENT TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE<br><br>(ECF NO. 46, 51) |

Plaintiff Keith Jerome Wright is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On November 3, 2025, Plaintiff filed a Motion to Strike Defendant's Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, asserting that Defendant's summary judgment motion relies on documents Defendant produced after the close of discovery and asking the Court to strike those documents as untimely. (ECF No. 46). Defendant filed an opposition on November 21, 2025, arguing he supplemented his discovery responses as soon as the documents were "discovered." (ECF No. 51, p. 2).

Pursuant to Fed. R. Civ. P. 37(c), a party who fails to provide information as required by Rules 26(a) and 26(e) is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1). In addition to or instead of prohibiting such use, the court, on motion and after giving an opportunity to be heard may impose other appropriate sanctions. *See* Fed. R. Civ. P. 37(c)(1).

1

Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (involving untimely disclosure of expert report under Rule 26(a)(2)(B)) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). It is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or is "harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

Defendant's opposition to Plaintiff's motion to strike states that "in preparing Defendant's summary judgment motion, defense counsel discovered additional medical records which were responsive to Plaintiff's discovery requests . . . ." (ECF No. 51, at p. 2). However, Defendant does not describe what Defendant did to comply with Plaintiff's discovery requests in a timely fashion, nor why these documents were not located and produced along with Defendant's responses to Plaintiff's document requests.

Thus, to properly address the factors set forth above, the Court orders as follows:

1. No later than March 16, 2026, Defendant shall file a supplement to its opposition to Plaintiff's motion to strike (ECF No. 51), describing what efforts were made to comply with Defendant's Rule 37 requirements as well as any other information relevant to whether Defendant acted with bad faith or willfulness in not timely disclosing the documents at issue in Plaintiff's motion.

2. Defendant's response shall also include Defendant's written responses to Plaintiff's Requests for Production of Documents.

IT IS SO ORDERED.

Dated:   **February 27, 2026**                    /s/ *Erica P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE