UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEITH JEROME WRIGHT,

Plaintiff,

v.

IDALBERTO ZALDIVAR-GALVES,

Defendant.

Case No. 1:24-cv-01029-JLT-EPG (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO STRIKE AND TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

(Docs. 45, 46, 56)

Plaintiff seeks to hold defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. In brief, he alleges defendant acted with deliberate indifference to his serious shoulder injury. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendant has moved for summary judgment (Doc. 45) and plaintiff has moved to bar defendant from relying on evidence disclosed after the applicable Rule 16 deadline (Doc. 46). The assigned magistrate judge issued Findings and Recommendations, recommending that Plaintiff's motion to strike be denied and Defendant's motion for summary judgment be granted. (Doc. 56.) Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 57.) This Court has reviewed the file de novo and has determined that the Findings and Recommendations are supported by the record and proper analysis. The Court writes further in this order only to address Plaintiff's objections.

First, Plaintiff argues that Defendant tactically delayed the disclosure of about forty pages of his medical records in a surprising and prejudicial manner, contrary to the magistrate judge's finding. The Court has reviewed the record and finds that Defendant has demonstrated his late disclosure was "substantially justified," "harmless," or both. *See* Fed. R. Civ. P. 37(c)(1); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–42 (9th Cir. 2021) (reviewing relevant procedures and legal standards). In a declaration, defense counsel explains that he reviewed and produced all of the pages of Plaintiff's medical records that he initially believed were relevant, before the discovery deadline. (*See* Doc. 55-1.) He explains that he discovered that he had missed some relevant pages when preparing the motion for summary judgment. (*See id.*) He produced those missing pages immediately. (*See id.*)

Plaintiff argues for what appears to be the first time in his objections to the Findings and Recommendations that Defendant failed to disclose many more relevant pages of his medical records. (*See* Doc. 57 at 3.) If that is true, then Plaintiff could have and should have raised this nondisclosure during the time for fact discovery, in response to the defendant's motion for summary judgment, or in connection with his motion to strike.

Second, Plaintiff reiterates many of his arguments about the seriousness of his injuries, he describes actions that he believes Defendant and other healthcare professionals should have taken, and he protests the low medical staffing levels within California's prisons. These arguments do not reveal any errors in the Findings and Recommendations. The magistrate judge recounted in detail how multiple doctors met with Plaintiff regularly, performed tests, and referred him to treatment for his shoulder pain. This evidence is incompatible with a finding of deliberate indifference to Plaintiff's medical needs.

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 24, 2026 (Doc. 56) are **ADOPTED** in full.
2. Plaintiff's motion to strike (Doc. 46) is **DENIED**.
3. Defendant's motion for summary judgment (Doc. 45) is **GRANTED**.
4. The Clerk of Court is directed to terminate any pending motions/deadlines, enter

judgment against Plaintiff, and close this case.

IT IS SO ORDERED.

Dated: _July 24, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE